# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANTHONY WAY, et al.**  **CIVIL ACTION**

**VERSUS**  **NO. 24-416-SDD-SDJ**

**VALERO ENERGY CORPORATION, et al.**

# NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 27, 2025.

\
**SCOTT D. JOHNSON**  
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY WAY, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-416-SDD-SDJ** |
| **VALERO ENERGY CORPORATION, et al.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 37) filed by Plaintiffs on June 26, 2024. Defendant Valero Refining-New Orleans opposes this Motion (R. Doc. 68). With leave of Court, Plaintiffs filed a Reply Memorandum in support of their Motion to Remand (R. Doc. 72). For the reasons set forth below, the Court finds that it has jurisdiction over this matter and recommends that Plaintiff's Motion to Remand (R. Doc. 37) be **denied**.

### I.  BACKGROUND

Plaintiffs filed this cause of action on or about April 12, 2024, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[1] Plaintiffs' claims arise from an alleged incident that occurred on April 29, 2023, while Plaintiff Anthony Way was working as a loader operator in the coker unit of the Valero St. Charles Refinery in Norco, Louisiana.[2] During the release of hot slurry into the designated coke pit area, the slurry overflowed the coke pit area, covering Way, who was working in that area at the time.[3] As a result, Way "suffered catastrophic burns to over 68% of his body."[4]

---

[1] R. Doc. 1-2 at 1.
[2] *Id.* at 5, 6 ¶¶ 9, 13.
[3] *Id.* at 7 ¶¶ 17-18.
[4] *Id.* at 8 ¶ 20.

On May 29, 2024, Valero removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[5] In their Notice of Removal, Valero asserts that diversity jurisdiction exists because the amount in controversy is met and all properly joined parties are completely diverse.[6] Specifically, Valero argues that Darryl Lessard; Performance Contractors, Inc.; MMR Group, Inc.; ISC Constructors, LLC; and Repcon, Inc., all of which are Louisiana citizens, are improperly joined.[7] Following removal, Plaintiff filed the instant Motion to Remand (R. Doc. 37).

## II.   LAW AND ANALYSIS

### A.   Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The removal statute is strictly construed, and any doubt as to the propriety of removal should be resolved in

---

[5] R. Doc. 1 at 10.
[6] *Id.* at 10-21.
[7] *Id.* at 14-17.

favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

### B. Whether This Court Has Diversity Jurisdiction

The Court first turns to the question of whether it has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1441 specifies that "[a] civil action removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, the Parties do not dispute that Darryl Lessard; Performance Contractors, Inc.; MMR Group, Inc.; ISC Constructors, LLC; and Repcon, Inc., are citizens of Louisiana. The question then is whether, as argued by Valero, these parties are improperly joined.

#### 1. Legal Standard

"Ordinarily, diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). But, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss them from the litigation, and exercise subject matter jurisdiction over the remaining diverse defendants. *See Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 810 n.5 (5th Cir. 2021) ("[T]he proper mechanism of handling an improperly joined party is to dismiss it, not send it to another court to decide the merits."). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id*. at 573, quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573.

Generally, a court should "conduct a Rule 12(b)(6)-type analysis ... to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id.* Although the court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

Here, it is undisputed that Plaintiffs and Defendants Darryl Lessard; Performance Contractors, Inc.; MMR Group, Inc.; ISC Constructors, LLC; and Repcon, Inc., are Louisiana citizens. The question is whether Plaintiffs sufficiently have established a valid cause of action against any of the non-diverse Defendants.

### 2.     Whether Lessard is an Improperly Joined Party

The Court turns first to whether Lessard, the employee who released the hot slurry into the coke pit, is an improperly joined party. In its Notice of Removal, Valero argues that Plaintiffs cannot state a valid cause of action against Lessard because he "is not individually liable to Plaintiffs because he cannot be held personally liable for the conduct arising out of his employment relationship" and because Plaintiffs' claims against Lessard "do not rise to the level of an

intentional act, such that the Louisiana Workers' Compensation Act … affords him with immunity from Plaintiffs' tort claims."[8]

Plaintiffs, on the other hand, argue in their Motion to Remand, that Lessard is personally liable for his actions, regardless of his employment status.[9] In addition, Plaintiffs argue that Lessard's actions were intentional, such that they are excluded from immunity under the Louisiana Workers' Compensation Act.[10]

"When a case is removed to federal court on the basis of diversity jurisdiction, the *Erie* doctrine requires federal courts to apply substantive state law when adjudicating state law claims." *Soman v. Target Corp. of Minn.*, No. 20-649, 2022 WL 556825, at *3 (M.D. La. Jan. 13, 2022) (quoting *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, Nos. 10-684, 12-147, 2013 WL 1296678, at *2 (M.D. La. Mar. 28, 2013)). "Under Louisiana law, a court may hold a corporate officer or employee individually liable for injuries to third persons under certain circumstances." *Id.* (quoting *Kemp v. CTL Distrib., Inc.*, 550 F. App'x 240, 245 (5th Cir. 2011)). "If the elements for imposing individual liability on the corporate employee are met, it does not matter that the corporation might also be liable." *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994) (citing *H.B. "Buster" Hughes, Inc. v. Bernard*, 318 So.2d 9, 12 (La. 1975)). "Conversely, when considering the sufficiency of allegations purporting to state a claim for an individual employee's personal liability, "[t]he Court is only concerned … [with] whether a viable claim may be made against [the defendant employee] personally and not whether [the employer] may be held vicariously liable for the action of its employees." *Soman*, 2022 WL 556825, at *3 (quoting *Hornsby v. AlliedSignal, Inc.*, 961 F.Supp. 923, 930 (M.D. La. 1997)). As explained by the Fifth Circuit, "[v]icarious

---

[8] R. Doc. 1 at 22-23.
[9] R. Doc. 37-2 at 5.
[10] *Id.* at 8.

liability is not a revolving door. In certain situations, an employer may be held liable for the negligent acts of its employees … but *Canter* does not attach liability to a managerial employee absent breach of a duty personally owed by the employee to third parties." *Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 918-19 (5th Cir. 2009).

In *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), *superseded on other grounds by statute*, La. R.S. 23:1032 (1998), the Louisiana Supreme Court held that an employee can be held personally liable for injuries to third persons where: (1) the employer owed a duty of care to the third person, breach of which caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the defendant; (3) the defendant employee breached his duty through personal (not technical or vicarious) fault; and (4) the employee had a personal duty toward the injured plaintiff, the breach of which specifically caused the plaintiff's damages. *Canter*, 283 So. 2d at 721. However, "personal liability cannot be imposed upon the employee simply because of his general administrative responsibility for some function of employment." *Taylor v. PetSmart, LLC*, No. 24-184, 2024 WL 4231366, at *4 (M.D. La. Sep. 3, 2024), *report and recommendation adopted*, 2024 WL 4229944 (M.D. La. Sep. 18, 2024) (citing *Canter*, 283 So.2d at 721). "In short, the *Canter* decision held that where an employer delegates its duties owed to third parties to an individual officer, agent, or employee, the breach of that delegated duty by the individual officer, agent, or employee can give rise to a cause of action by an injured third party." *Id.* "The *Canter* decision did not, however, preclude an action by an injured third party against an individual officer, agent, or employee who allegedly breached a general personal duty outside of the employment or agency relationship." *Id.*

In their Motion to Remand, Plaintiffs argue that *Canter* is not applicable here because it only "addressed tort law recovery against a corporate officer or agent in connection with a

corporation's breach of contract" and, therefore, only applies "when a plaintiff files tort claims against an executive officer for conduct performed while acting in that capacity."[11]  This argument, however, is without merit, as this Court and others in this Circuit repeatedly have found *Canter* applicable to tort law claims against employees, generally.  *See, e.g., Bureau v. BASF Corp.*, No. 21-324, 2022 WL 807372 (M.D. La. Jan. 3, 2022); *Anderson*, 342 F. App'x at 916; *Banks v. Wal-Mart Inc.*, No. 18-749, 2018 WL 4001289 (W.D. La. Aug. 6, 2018).  Additionally, the Court notes that the cases cited by Plaintiffs in support of their position, including *Cole v. Celotex Corp.*[12] and *Rolls v. Packaging Corp. of Am. Inc.*,[13] are inapposite here.  While the court in *Cole* did find that "*Canter* stands for the proposition that a suit against an executive officer is for his personal, as opposed to derivative, fault," and the court in *Rolls* stated that "[u]nder *Canter*, a plaintiff can hold a management-level employee personally liable for his injury," those courts were in no way limiting *Canter* to those types of defendants.[14]  Rather, they simply found that *Canter* provided the appropriate framework for determining liability in those cases.  They did not preclude the application of *Canter* to cases with an employee defendant.  Because *Canter* applies here, the question, then, is whether Plaintiffs have stated a viable *Canter* claim against Lessard in their Petition.

As argued by Valero in its Notice of Removal, Plaintiffs fail to allege that Valero delegated any specific duty to Lessard.  Per Valero, "Plaintiffs do not allege any facts demonstrating that Mr. Lessard, through his own personal actions, breached any personal duty owed to Mr. Way that Valero had delegated to Mr. Lessard; rather, Plaintiffs merely allege that Mr. Lessard's alleged conduct, as an employee in the course and scope of his employment with Valero, is attributable to

---

[11] R. Doc. 37-2 at 7 (emphasis omitted).
[12] 599 So.2d 1058 (La. 1992).
[13] 34 F.4th 431 (5th Cir. 2022).
[14] 599 So. 2d at 1074; 34 F.4th at 437.

Valero."[15]  Valero is correct.  Nowhere in their Petition do Plaintiffs allege that Valero delegated to Lessard a duty of care it owed to Way.  For example, there are no allegations that Lessard was responsible for confirming that no one was within a certain distance of the coke pit at the time of a drum discharge.  The fact that Plaintiffs' briefs, which simply (and incorrectly) argue the inapplicability of *Canter* without ever discussing the *Canter* factors, even if simply to cover all bases, supports this position.  Moreover, no evidence of any delegation of a duty, such as an affidavit from a Valero executive or an employee handbook, was provided by Plaintiff.  Because Plaintiffs did not allege facts sufficient to satisfy all of the *Canter* factors, the Court finds that Plaintiffs have failed to state a valid claim against Lessard.  As such, the Court finds Lessard was improperly joined and, accordingly, recommends that the claims against him be dismissed.[16]

### 3. Whether Performance, MMR, ISC, and Repcon are Properly Joined Parties

The Court next turns to whether the additional Louisiana Defendants—Performance, MMR, ISC, and Repcon—were improperly joined in this matter.  Valero argues in its Notice of Removal that Plaintiffs fail to allege sufficient facts against each entity to state a viable claim against them.  Per Valero, Plaintiffs impermissibly make generic allegations against Defendants lumped together, making only minimal, insufficient allegations against any specific Defendant, such that Plaintiffs do not adequately plead claims against them.[17]

"Federal Rule of Civil Procedure 8(a)(2) requires a complaint to 'contain a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Scott v. Crosby Energy Servs.*, No. 19-12736, 2020 WL 2526966, at *4 (E.D. La. May 18, 2020) (quoting Fed. R. Civ. P. 8(a)(2)).

---

[15] R. Doc. 1 at 24 (emphasis omitted).
[16] Because the Court finds that Plaintiffs have failed to state a viable claim against Lessard based on his individual liability and recommends that he be dismissed, the Court need not address whether any claim against Lessard is limited to recovery under the Louisiana Workers' Compensation Act.
[17] R. Doc. 68 at 23.

"A plaintiff 'need not allege in [his] complaint every fact that [he] might need to prove to prevail on the merits…. This simplified notice pleading standard need only give a defendant fair notice of what the plaintiff's claim is and the grounds upon which rests." *Id.* (quoting *Goss v. Hardy Energy Servs., Inc.*, 2010 WL 4227748, at *2 (W.D. La. Feb. 3, 2010)). In applying a 12(b)(6) analysis, "the Court looks only to well-pleaded facts concerning [a defendant's] alleged misconduct" and "disregards bare assertions of collective responsibility, unsupported by concrete factual allegations." *Cain v. City of New Orleans*, No. 15-4479, 2016 WL 2849478, at *5 (E.D. La. May 13, 2016) (citing *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.")).

In their Petition, the only specific allegations against Performance, MMR, ISC, and Repcon are in Plaintiffs' naming them as Defendants; they are not mentioned in the part of the Petition where the alleged facts concerning the incident here at issue are recounted. With regard to Performance, MMR, and Repcon, Plaintiffs make the following identical allegations: that each "performed maintenance, construction, design, repair, supervision, safety consulting with respect to the Valero facility, particularly the coker unit and the surrounding infrastructure."[18] Similarly, for ISC, Plaintiffs allege that it "performed maintenance, construction, repair, installation, and/or safety processes and instruction for the coke drum, coker unit, and/or the surrounding infrastructure."[19]

Moreover, in their allegations that these Defendants were "negligent, negligent *per se*, and/or grossly negligent," Plaintiffs again make the same allegations against each, with only minor distinctions.[20] In addition to the allegations against all four entities, Plaintiffs also allege that

---

[18] R. Doc. 1-2 at 4 ¶ 8(K, L, N).
[19] *Id.* ¶ 8(M).
[20] The Court notes that these also are the same allegations made against all other Defendants in this matter.

MMR was negligent in "[i]mproperly installing the Valves, Draining System, Coke Removal System, Containment System, and/or any ancillary equipment or processes relating to the coke drums and/or coker unit."[21] Plaintiffs also additionally allege that ISC was negligent in "[f]ailing to establish and/or implement adequate safety processes."[22] There are no other individual allegations against these specific Defendants; rather, the remaining allegations involving these four Defendants are made against "Defendants" collectively, lumping them together in the allegations. Such general pleadings against all Defendants, with only very minor distinctions, is not sufficient to survive a Rule 12(b)(6) analysis.[23]

First, general allegations or bare recitals of elements without specific facts are insufficient to state a claim for relief. *See Williams v. Avon Prods., Inc.*, No. 19-2337, 2019 WL 6040073, at *5 (S.D. Tex. Oct. 24, 2019). "It is incumbent on Plaintiffs to plead facts to support their claims for affirmative relief." *Williams*, 2019 WL 6040073, at *5. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Here, Plaintiffs have alleged no facts whatsoever as to these Defendants. As such, there is no factual basis for any of the claims made against them.

Second, the Rule 12(b)(6) hurdle is not cleared by making general allegations against all Defendants lumped together. In *Cain v. City of New Orleans*, the Eastern District of Louisiana addressed this issue. *Cain*, 2016 WL 2849478. As characterized by the *Cain* court, the plaintiff's complaint "with few exceptions … directs its allegations not towards the City, or any other individual or entity, but towards 'defendants' as a group" and that "[r]ather than identifying specific acts of misconduct by specific defendants, the [complaint] rests largely on allegations of

---

[21] R. Doc. 1-2 at 15 ¶ 31(m).
[22] *Id.* at 18 ¶ 34(d).
[23] In fact, after carefully reviewing Plaintiffs' Petition, the Court still does not know what specific actions any of these companies is alleged to have done in connection with Valero's coker unit.

collective wrongdoing by all eighteen defendants." *Cain*, 2016 WL 2849478, at *4. The court notes that "[t]his pleading structure—lumping all defendants together and asserting identical allegations as to each, without distinction—largely prevents the Court from discerning which defendants are allegedly responsible for which allegedly unlawful actions." *Id*. at *5. "Because the notice pleading requirement of the Federal Rules of Civil Procedure entitle 'each defendant … to know what he or she did that is asserted to be wrongful,' allegations based on a 'theory of collective responsibility' cannot withstand a motion to dismiss." *Id.* (quoting *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)).

Such is the case here, where Plaintiffs make general allegations against all Defendants, with no factual support. For example, Plaintiffs allege that "it was known by Defendants that the coke pit failed to contain high-volume and/or high-pressure discharges from the coke drums," but do not provide any factual support for this assertion.[24] Similarly, Plaintiffs claim that "[t]he Defendants knew that Drum A had a history of deficiencies, issues, and/or problems relating to the release or discharge of liquids and materials from the drum and the containment of such releases or discharges," again with no supporting facts.[25] Plaintiffs also allege: "All of a sudden, one or more Defendants, with full view of Anthony, intentionally and knowing the high-volume release was substantially certain and inevitable to reach Anthony's position, opened the valve at the bottom of Drum A."[26] But this claim, too, lacks any factual support. *See Fernandez v. Cheyenne Petroleum Co., L.P.*, No. 24-18, 2024 WL 1994259, at **2-3 (S.D. Tex. May 6, 2024) (finding "Plaintiff's global allegations against 'Defendants'" did not meet the 12(b)(6) pleading standard, noting that the defendant "correctly points out that Plaintiff's complaint lumps the defendants

---

[24] R. Doc. 1-2 at 6 ¶ 16.
[25] *Id.* at 7 ¶ 16.
[26] *Id.* ¶ 18.

together, failing to distinguish who is responsible for which acts"); *see also Gordon v. City of New Orleans*, No. 22-5297, 2024 WL 4346404, at *4 (E.D. La. Sep. 30, 2024) (noting the "dichotomy" between specific allegations made against certain defendant and the "vague assertions that others were also involved"). Thus, the Court finds that Plaintiffs have failed to state a viable claim against these entities. The Court, therefore, finds that Performance, MMR, ISC, and Repcon were improperly joined and, accordingly, recommends that the claims against these entities also be dismissed.

The Court notes that, in its Opposition to Plaintiffs' Motion to Remand, Valero provides summary judgment-type evidence to support its position. Specifically, Valero includes Declarations from representatives of each of the four companies, stating that each had performed limited work "on occasion" prior to April 29, 2023, or, in the case of Repcon, states that "[a]t no time on or before April 29, 2023 did Repcon perform any work at the coker unit of the Valero St. Charles Refinery, including, but not limited to, any maintenance, design, repair, supervision or safety consulting work."[27] Here, however, the Court has not found that Plaintiffs have omitted or misstated a discrete fact that would determine the propriety of joinder; as such, no piercing of the pleadings or a summary inquiry are needed, and consideration of this evidence is unnecessary. *See Williamson v. Aramark Sch. Facilities, LLC*, No. 16-118, 2017 WL 5761626, at *4 (M.D. La. Oct. 30, 2017).

### III. CONCLUSION

Finding that non-diverse Defendants Lessard, Performance, MMR, ISC, and Repcon were improperly joined, the Court finds that jurisdiction pursuant to 28 U.S.C. § 1332 has been established. Accordingly,

---

[27] R. Doc. 68-6 at 1 ¶ 4; *see also* R. Docs. 68-3, 68-4, and 68-5.

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 37) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' claims against Defendants Performance Contractors, Inc; MMR Group, Inc.; ISC Constructors, LLC; Repcon, Inc.; and Darryl Lessard be **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on February 27, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**